FILED
United States Court of Appeals
Tenth Circuit

March 16, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM SEAN CONEY,

        Petitioner–Appellant,

v.

ARISTEDES ZAVARAS,
Executive Director; COLORADO
DEPARTMENT OF CORRECTIONS;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

        Respondents–Appellees.

No. 10-1492
(D.C. No. 1:07-CV-01407-WYD)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

William Sean Coney, a Colorado prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his

Fed. R. Civ. P. 60(b) motion for lack of jurisdiction. Because no reasonable jurist

could debate that Coney's claim has merit, we deny a COA and dismiss this

matter.

**I**

The Colorado state courts sentenced Coney to life in prison plus thirty

years without the possibility of parole upon his conviction of first-degree murder,

kidnapping, intimidation of a witness, and other related crimes. In federal proceedings, the district court dismissed Coney's habeas corpus application under 28 U.S.C. § 2254 and this court denied a COA. Coney v. Zavaras, 368 F. App'x 914, 915 (10th Cir. 2010) (unpublished).

After his unsuccessful appeal attempt, Coney filed a Rule 60(b) motion asking the district court to revisit its determination that three of his claims "were presented to the state courts as state-law evidentiary claims and were therefore unexhausted" and two other claims "were unexhausted based upon an express state procedural bar (a failure to raise them on direct appeal)." Id. The district court concluded that Coney's motion was a second or successive habeas application under 28 U.S.C. § 2244(b) because "in substance or effect [it] assert[ed] or reassert[ed] a federal basis for relief from [his] underlying conviction." Noting that Coney had not received authorization to file a second or successive application as required by § 2244(b)(3), the district court dismissed the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization" to file it.).

## II

Coney now seeks a COA to challenge the district court's disposition of his Rule 60(b) motion. See generally Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) ("Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge."). The district court's ruling rests on procedural grounds, so Coney must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In his application for a COA, Coney argues that the district court erred in characterizing his filing as a second or successive habeas application and that his underlying habeas claims had sufficient merit to justify the issuance of a COA.

On the procedural point, Coney presents a sound argument. A movant who "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar" is not stating or re-stating a habeas claim. Gonzalez v. Crosby, 545 U.S. 524, 532, n.4 (2005); see also Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006) ("[A] motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion.")

(citing <u>Gonzales</u>, 545 U.S. at 532, n.4).  Thus, Coney's Rule 60(b) attack on the district court's procedural bar ruling was not a second or successive habeas application and therefore does not require authorization from this court.

Coney, however, cannot demonstrate that the application of the procedural bar to his constitutional claims was "debatable or wrong."  <u>Slack</u>, 529 U.S. at 484).  This court has already considered his theories regarding the district court's ruling, denied COA, and dismissed his appeal.  <u>Coney</u>, 368 F. App'x at 915.  No reasonable jurist could debate whether the issues presented in  Coney's motion were "adequate to deserve encouragement to proceed further."  <u>Slack</u>, 529 U.S. at 484 (internal quotation marks omitted).

### III

We **DENY** the application for a COA and **DISMISS** the appeal.  Coney's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-4-